IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS SHAARBAY, #461829,
    Plaintiff,

vs.                                    Case No.: 3:09cv16/MCR/EMT

M. NICHOLS, et al.,
    Defendants.

## ORDER, REPORT AND RECOMMENDATION

Plaintiff initiated this action on January 12, 2009, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Also before the court is Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 5), which for the sole purpose of dismissal of this action shall be granted.

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

Section IV.C. of the civil rights complaint form asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed Shaarbay v. David Salomon, et al., filed in the Southern District of Florida, Broward County Division (*id.*). Although Plaintiff indicated that he did not know the date the case was filed or the case number, the court takes judicial notice of a case filed by Plaintiff on April 12, 2007, in

the Southern District of Florida, Case No. 07-60558-CIV-DIMITROULEAS, in which Plaintiff named twenty (20) Defendants, including David Andres Salomon, and in which Plaintiff sought to sue numerous judges, prosecutors, public defenders, and others for their role in his conviction in the Circuit Court in and for Broward County (*see* Case No. 07-60558-CIV-DIMITROULEAS (Docs. 1, 4)). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court, other than the case listed, that otherwise relate to his imprisonment.

Section IV.D. of the civil rights complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 1 at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed Shaarbay v. Stephen Smith, et al., Case No. 3:07cv374/LAC/MD, which was originally filed in the Southern District of Florida on June 27, 2007, but was transferred to this court on August 31, 2007 (*see* Doc. 1 at 4). Thus, Plaintiff has in effect stated that he has had only one action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1 at 7).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed his complaint, he had previously filed Shaarbay v. Rodriguez, et al., Case No. 07-21856-CIV-GOLD in the United States District Court for the Southern District of Florida.[1] Further review reveals that this case was dismissed prior to service on September 6, 2007, for failure to state a claim upon which relief may be granted (*see* Case No. 07-21856-CIV-GOLD (Docs. 6, 10)). Plaintiff failed to list this case in his complaint (*see* Doc. 1).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection

---

[1] The prisoner identification number of the plaintiff in that case, #461829, is the same as Plaintiff's.

Case No.: 3:09cv16/MCR/EMT

with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answer, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff is advised that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED** that:

Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 5) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 29th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No.: 3:09cv16/MCR/EMT

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**